## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

## FILED UNDER SEAL

I, Davis Gooding, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since July 2021. As a TFO, I am authorized to investigate violations of the laws of the United States and am currently engaged in numerous criminal investigations involving violations of federal law. I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States. *See* 18 U.S.C. § 3051.

2. I am also a duly sworn Special Agent of the Virginia State Police (VSP) Bureau of Criminal Investigation, Drug Enforcement Section, Richmond Field Office, and have been so employed since March 2015. I completed the Virginia State Police Basic Law Enforcement Training and more than one year of on-the-job training with the ATF Violent Crime Reduction Task Force in Richmond, Virginia, which included instruction on investigating federal crimes involving firearms, narcotics, arson, and explosives. Since 2015, I have received further training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, search warrant applications, and narcotics and various other crimes. I am currently assigned to the ATF Washington Field Division, Richmond Group I.

3. During my employment with VSP, I have conducted and/or participated in numerous investigations involving unlawful activities, including the investigation of gangs/criminal

enterprises, narcotics trafficking, firearm offenses, and violent crimes. I am principally involved in narcotics and narcotics-related investigations, including narcotics investigations related to violent offenses, which often involve the criminal use of firearms. From my training and experience, I have become familiar with the methods and techniques utilized by illegal drug traffickers and drug trafficking organizations (DTOs).

4. From 2008 to 2012 I worked as a uniformed patrol officer for the Hanover County Sheriff's Office where I responded to law enforcement calls for services, investigated crimes, made arrests, and testified in court. I also received training and experience in this capacity on interviewing and interrogation techniques, arrest procedures, search and seizure, search warrant applications, and narcotics and various other crimes.

5. I am also an infantry officer in the United States Marine Corps and am currently serving as a reservist. I started my employment as a United States Marine Corps officer in May 2004. While serving in this capacity I have been trained and received extensive experience in the functioning, handling, and use of firearms, ammunition, and explosives.

6. During my most recent oversees deployment I was employed as the leader of a security cooperation team in Honduras and greater Central America. There, I was trained and received extensive experience in Counter Transnational Organized Crime operations, thus becoming intimately familiar with large scale criminal, narcotics, firearms, and explosive traffickers and organizations.

7. The facts in this affidavit come from my personal observations, my training and experience, documentations, law enforcement databases, and information obtained from other sworn law enforcement officers and/or witnesses. This affidavit is intended to show merely that there is

sufficient probable cause for the requested criminal complaint and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

## BACKGROUND

8. I am currently investigating Quadir Rashad MCKINNON, (DOB: 08/XX/1990) for violations of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, and Eric Michael VAUGHAN (DOB 06/XX/1992) for violations of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

9. I reviewed MCKINNON's criminal history. MCKINNON is currently on state probation and has the following felony convictions, each punishable by more than one year in prison:

   a. April 11, 2012: guilty of possession with intent to distribute schedule I or II narcotics (Hopewell)

   b. April 11, 2012: guilty of possession of a firearm while possessing schedule I or II narcotics (Hopewell)

   c. September 4, 2019: guilty of possession of a firearm by a convicted felon (Hopewell)

   d. September 4, 2019: guilty of felony distribution of marijuana (Hopewell)

   e. September 4, 2019: guilty of felony possession of schedule I or II narcotics (Hopewell)

   f. March 4, 2020: guilty of felony distribution of marijuana (Hopewell)

   g. March 4, 2020: guilty of felony selling schedule I or II narcotics (Hopewell)

3

10. I reviewed VAUGHAN's criminal history. VAUGHAN is currently on state probation. VAUGHAN has the following felony convictions, each punishable by more than one year in prison:

   a. January 27, 2014: guilty of burglary: entering a house to murder/rape (Petersburg)

   b. January 27, 2014: guilty of conspiracy to commit burglary: entering a house to murder/rape (Petersburg)

   c. January 27, 2014: guilty of robbery in a residence (Petersburg)

   d. January 27, 2014: guilty of conspiracy to commit robbery in a residence (Petersburg)

   e. January 27, 2014: guilty of firearm use in commission of a felony (Petersburg)

   f. January 27, 2014: guilty of robbery in a residence (Petersburg)

   g. January 27, 2014: guilty of robbery in a residence (Petersburg)

   h. January 27, 2014: guilty of firearm use in commission of a felony (Petersburg)

   i. January 27, 2014: guilty of firearm use in commission of a felony (Petersburg)

   j. January 27, 2014: guilty of abduction by force intimidation or deception (Petersburg)

   k. January 27, 2014: guilty of abduction by force intimidation or deception (Petersburg)

11. Certified convictions from the City of Petersburg show that VAUGHAN appeared in-person for sentencing on his felony convictions in 2013.

## SUMMARY OF INVESTIGATION

12. On or about January 18, 2023, I observed MCKINNON driving a black Hyundai rental car in Hopewell, Virginia, in the Eastern District of Virginia. At the time, I had personal knowledge

that MCKINNON was wanted for a state violation of 18.2-248 (felony distribution of schedule I/II narcotics) and was not licensed to operate a motor vehicle.

13. I followed the Hyundai to Riverview Park Apartments in Hopewell, Virginia, where MCKINNON backed into a parking space. While the Hyundai was stationary, I, along with other law enforcement officers, approached the vehicle. MCKINNON was in the driver's seat and VAUGHAN was the front seat passenger. I had personal knowledge that MCKINNON and VAUGHAN were both convicted felons. In the center console of the Hyundai nearest the driver's side, in plain view, was a loaded 9mm Springfield Armory semi-automatic pistol.

14. When I removed MCKINNON from the car, his feet became tangled in a multicolored backpack on the driver's side floorboard. Inside of the backpack were suspected narcotics, scales, and baggies. The suspected narcotics were packaged in multiple different baggies that I know, from training and experience, is consistent with packaging for distribution.

15. MCKINNON had approximately $2,165 (cash) in his pocket. In the driver's side door were approximately a dozen lottery tickets, which I also know from training and experience to be used to package narcotics for sale. Also found on the driver's side, where MCKINNON sat, were two cell phones.

16. VAUGHAN had powder mixture (later found to contain heroin, cocaine, and fentanyl) and what appeared to be crack cocaine in one pocket and $190 (cash) in his other pocket. In the passenger side door, where VAUGHAN sat, were another approximate dozen lottery tickets. Also on the passenger side, where VAUGHAN sat, I recovered one loaded 9mm Ruger Security 9mm semi-automatic pistol with an extended magazine (found on the floorboard

under the passenger seat) and one loose 9mm hollow point round (found protruding from the cushion on the passenger seat).

17. Both MCKINNON and VAUGHAN provided post-*Miranda* statements:

    a. MCKINNON acknowledged he is a convicted felon and claimed ownership of the Springfield pistol, the multicolored backpack, and the narcotics in the multicolored backpack. MCKINNON denied selling narcotics. MCKINNON claimed responsibility for everything in the car but further denied knowledge of the Ruger recovered from under the front of the passenger seat. MCKINNON stated the Hyundai was rented to a woman he knows and that he borrowed the car that day.

    b. VAUGHAN claimed ownership of the suspected narcotics found on his person but denied possession/knowledge of either of the firearms in the vehicle. He also denied knowledge of the loose 9mm hollow point round in his seat. He stated he did not know who rented the Hyundai. VAUGHAN stated that he uses drugs but does not sell them.

18. The recovered narcotics were sent to the Virginia Department of Forensic Science and analyzed. The multicolored backpack claimed by MCKINNON contained approximately 6.99 grams of methamphetamine at 82.2% purity (+/- 10.2%), approximately 18.88 grams of cocaine base, and approximately 22.97 grams of cocaine hydrochloride. I know, from my training and experience, that these quantities indicate distribution and not personal use.

19. The baggie in VAUGHAN's pocket contained a powder mixture of approximately .3478 grams of heroin, cocaine, fentanyl, and tramadol and approximately .7594 grams of cocaine base.

20. On May 30, 2023, ATF Special Agent Jake Reisch provided a verbal interstate nexus on both the Springfield and the Ruger, based on photographs provided by myself. Both the Springfield and the Ruger firearms, as well as the ammunition, appear to have been manufactured outside of the Commonwealth of Virginia and therefore traveled in interstate commerce prior to their recovery on January 18, 2023.

## CONCLUSION

21. Based on the aforementioned information, I respectfully submit there is probable cause to charge MCKINNON with violations of 18 U.S.C. § 922(g)(1)-felon in possession of a firearm and 21 U.S.C. § 841-possession with the intent to distribute controlled substances, and VAUGHAN with 18 U.S.C. § 922(g)(1)-felon in possession of a firearm.

Respectfully submitted,

_____
Davis Gooding
Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms, and Explosives

Sworn and subscribed to before me on
May 31, 2023, in Richmond, Virginia.

_____/s/ AJS_____
HON. SUMMER L. SPEIGHT
United States Magistrate Judge
Eastern District of Virginia
Date:

7